IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BERNARDINO FRANCISCO and MAURICIO GARCÍA, <br><br> Plaintiffs, <br><br> v. <br><br> JOSE LUIS VALENCIA, NOE DUARTE GUTIÉRREZ, OSWALDO BENCOMO, and ORION NATURAL FARMS, LLC, <br><br> Defendants. | Case No. 1:24-cv-00332-CL <br><br> **ORDER AND OPINION** |

**CLARKE**, Magistrate Judge.

Defendants Noe Duarte Gutiérrez and Orion Natural Farms, LLC jointly move for a more definite statement under Federal Rule of Civil Procedure 12(e), claiming that the Complaint is so vague or ambiguous that Defendants cannot reasonably prepare a response. The Motion (#24) is DENIED for the reasons below.

## BACKGROUND

The Compliant (#1) alleges the following.

From 2021 to 2022, Defendant Oswaldo Bencomo owned a property at 2061 South Stage Road, Medford, Oregon, where he regularly oversaw an agricultural operation. Compl. (#1) at ¶¶ 22–23. The license for this operation was maintained by Defendant Orion Natural Farms, a domestic limited liability company with a principal place of business in Jackson County, Oregon.

1 – Opinion and Order

*Id.* at ¶¶ 25, 14. Defendant Bencomo, *id.* at ¶ 24, and Defendant Orion Natural Farms, *id.* at ¶ 26, knowingly used Defendants Noe Duarte Gutiérrez and Jose Luis Valencia to provide farm labor for the South Stage agricultural operation.

Defendants Gutiérrez and Valencia were involved in a farm labor contracting enterprise. *Id.* at ¶¶ 20–21. Defendant Gutiérrez was responsible for supervising Valencia and paying workers' wages. *Id.* at ¶ 20. And Defendant Valencia was responsible for hiring, supervising, and controlling the terms and conditions of employment for the workers, including pay and housing. *Id.* at ¶¶ 17, 41.

Defendants Bencomo, *id.* at ¶ 23, Gutiérrez, *id.* at ¶ 19, and Valencia, *id.* at ¶¶ 17, 19, would regularly visit the South Stage property to oversee the agricultural operation and interact with workers.

During the summer of 2021, Defendant Valencia recruited Plaintiffs Bernardino Francisco and Mauricio García to perform farm labor at the South Stage property. *Id.* at ¶ 18. He promised $200.00 per day for cultivation and harvesting work, and $80.00 per pound for processing work. *Id.* at ¶ 28.

Plaintiff Francisco worked at the property from August 31, 2021, to February 24, 2022. *Id.* at ¶ 29. Plaintiff García worked at the property from July 2021 to February 24, 2022. *Id.* at ¶ 30. They each worked seven days per week without any days off. *Id.* at ¶ 31. Their days began at 7:00 a.m. and ended between 8:00 or 9:00 p.m., for an average of 13.5 hours per day. *Id.* at ¶ 32. Throughout, Plaintiffs were either engaged or implicated in interstate commerce. *Id.* at ¶ 27.

From August 31 through December 1, 2021, Plaintiff Francisco did cultivation work, including planting, weeding, irrigating, spraying pesticides, and harvesting. *Id.* at ¶ 33. For these 93 days of work, Plaintiff Francisco claims he earned $18,600; he was paid only $1,000. *Id.*

From late July through December 1, 2021, Plaintiff García did similar cultivation work. *Id.* at ¶ 34. He was paid for his work through the end of September; he was not paid for the 62 days between October 1 and December 1, for which he claims he earned $12,400. *Id.*

From December 2, 2021, through February 24, 2022, Plaintiffs did processing work. *Id.* at ¶ 35. They each completed approximately 150 pounds during this time, earning approximately $12,000 in piece rate pay for this work. *Id.* Alternatively, Plaintiffs worked approximately 1,147.5 hours during this time, entitling them to $14,630.63 in minimum wages. *Id.* at ¶ 36.

Plaintiffs resided onsite at neighboring properties owned by Defendant Bencomo while performing labor at the South Stage property. *Id.* at ¶¶ 40, 42. The housing provided was not adequate; workers slept in makeshift tents and leaky trailers without reliable access to safe, clean bathrooms, showers, and cooking facilities or sufficient clean drinking water. *Id.* at ¶¶ 40, 39. Plaintiffs were also required to spray pesticides without adequate training or protective gear. *Id.* at ¶ 39. Defendant Bencomo was aware of and permitted farm laborers to reside on his properties while employed at South Stage, but he and Defendant Valencia failed to ensure that the housing complied with applicable health and safety standards. *Id.* at ¶¶ 43, 46. Neither Defendant Valencia nor Defendant Bencomo had a license to operate a farmworker camp. *Id.* at ¶ 45.

Plaintiffs, through their attorney, sent Defendants letters on January 25, 2024, and February 20, 2024, complaining of housing and wage violations and requesting payment of their wages. *Id.* at ¶ 50. To date, Plaintiffs have not been fully compensated. *Id.* at ¶ 51.

## ISSUE

Plaintiffs filed this action on February 22, 2024, alleging that Defendants failed to pay Plaintiffs' wages and provide lawful working conditions. They seek to recover unpaid wages and related damages.

Defendants Gutiérrez and Orion Natural Farms now move for a more definite statement, arguing that the Complaint lacks necessary factual allegations. Defs. Mot. (#24).

For the reasons below, Defendants' Motion is denied.

## LEGAL STANDARD

A complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Its purpose is not to prove the plaintiff's case, but rather to give the defendant fair notice of what the claim is and the grounds upon which it rests. *E.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Where a complaint "is so vague or ambiguous that the [opposing] party cannot reasonably prepare a response," Rule 12(e) permits the court to order a more definite statement. Fed. R. Civ. P. 12(e). Courts considering such a motion "should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, under which a 'short and plain statement of the claim' will suffice." *Betancourt v. Marine Cargo Mgmt., Inc.*, 930 F. Supp. 606, 608 (1996) (quoting Fed. R. Civ. P. 8(a)(2)).

"A Rule 12(e) motion for more definite statement is disfavored and is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response." *Monical v. Jackson Cnty.*, No. 1:17-CV-00476-YY, 2021 WL 1110197, at *11 (D. Or. Mar. 23, 2021) (quoting *Martin v. City of Portland*, No. 3:19-CV-1647-SI, 2020 WL 363391, at *2 (D. Or. Jan. 21, 2020)). "Rule 12(e) is designed to strike at unintelligibility, rather than want of detail." *Id.* When the detail sought is available through discovery, the motion should be denied. *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

## DISCUSSION

The Complaint raises the following claims against the moving Defendants: violation of the Fair Labor Standards Act ("FLSA") and Oregon's wage and hour laws against Defendant Gutiérrez; and violation of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") and the Oregon Contractor Registration Act ("OCRA") against Defendants Gutiérrez and Orion Natural Farms.

For the FLSA and wage and hour claims, the Complaint adequately pleads estimations of weekly hours, the average pay rate, and the amount of overtime wages due. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014) ("A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."). For the AWPA claims, the Complaint adequately pleads that Plaintiffs were migrant agricultural workers within the meaning of AWPA, and that Defendants intentionally failed to pay wages, provide adequate housing, and comply with the terms of their working arrangement. For the OCRA claims, the Complaint adequately pleads that Defendants were acting as or relying on unlicensed farm labor contractors.

As to each of these claims, the Complaint contains detailed factual allegations regarding the employment relationship between Plaintiffs and Defendants, the hours and quality of work performed, the pay received or deprived, and the conditions of employment.

Defendants' Motion ignores this level of detail, and instead, advances the argument that an essential factual allegation is missing in the Complaint: that all actors were licensed.

Defendants argue that because the Complaint implies the production of marijuana and/or hemp underlies this action, the Complaint must identify that product and additionally plead that all actors were lawfully licensed to produce that product. Otherwise, the "Complaint paints a picture of a labor dispute involving the illegal production of hemp and/or marijuana, wherein the plaintiffs were unlicensed co-conspirators in the illegal operation." Defs. Mot. (#24) at 3.

Defendants' argument fails to support how the Complaint is vague beyond a response. A Rule 12(e) motion targets complaints that are so indefinite or unintelligible that they preclude the formulation of an answer—not complaints in want of a specific detail. In this instance, it cannot be said that the 12-page Complaint is so vague that Defendants cannot ascertain the nature of the claims being asserted. All factual details pertinent to the asserted claims and their elements are provided for. Thus, there is sufficient information for Defendants to be on notice of the claims against them such that they can reasonably prepare a response to the Complaint.

Should Defendants seek further detail regarding the legal merits of Plaintiffs' claims, they may do so during discovery. However, the level of detail Defendants seek to impose with their Motion is beyond what is required of federal pleading standards. Defendants Motion is denied.

## CONCLUSION

For the reasons above, Defendants Noe Duarte Gutiérrez and Orion Natural Farms' Motion for a More Definite Statement (#24) is DENIED. Defendants' responsive pleading is to be served within fourteen (14) days after notice of this Order.

IT IS SO ORDERED and DATED this 12 day of August, 2024.

MARK D. CLARKE
United States Magistrate Judge